UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL KELSEY,  )
    Plaintiff,  )
                                )   C.A. No. 12-10029-MLW
v.  )
                                  )
REBECCA LUBELCZYK, ET AL.,  )
    Defendants.  )
                                  )

MEMORANDUM AND ORDER

WOLF, D.J.                                                         September 25, 2012

I.    INTRODUCTION

    This is a *pro se* action for injunctive relief and damages resulting from the alleged violation of Michael Kelsey's ("Kelsey") Eighth Amendment rights. Kelsey alleges that defendants, various prison officials and employees, have violated his Eighth Amendment rights by refusing to provide the adequate medical care necessary to treat his serious medical condition.

    In connection with this action, Kelsey has filed: (a) Motions for Leave to Proceed *in forma pauperis* (Docket No's. 2, 11); (b) Motions to Appoint Counsel (Docket No's. 5, 3, 12); (c) Motion to Amend Complaint (Docket No. 10); (d) Motion for Extension of Time to Amend (Docket No. 13); and (e) Motions to Supplement, Amend Complaint (Docket No's. 15, 16).[1] For the reasons set forth below, the Motions for Leave to Proceed *in forma pauperis* are being

---

[1] Docket No. 15 does not have a caption. The Motion, however, appears to supplement the allegations in the pleadings. Therefore, the court is construing the Motion as one to supplement the record.

1

allowed, the Motions to Appoint Counsel are being denied without prejudice, the Motion to Amend Complaint is being allowed, the Motion for Extension of Time to Amend is moot, and the Motions to Supplement, Amend Complaint are being allowed.

II. BACKGROUND AND PROCEDURAL HISTORY

Kelsey is a state prisoner in custody at MCI - Norfolk. On January 5, 2012, he filed a pro se civil rights complaint against MHM Correctional, Inc., several prison officials and employees, as well as medical personnel. The Complaint alleges that the defendants have, with deliberate indifference, refused to adequately treat Kelsey's serious medical need and, have therefore subjected him to cruel and unusual punishment in violation of the Eight Amendment. As of September 25, 2012, the Complaint had not been served.

On May 8, 2012, Kelsey filed a Motion to Amend the Complaint. The proposed Amended Complaint supplements the factual allegations in the pleadings and modifies the parties to the action. The proposed Amended Complaint omits defendants Cynthia Summer, UMass Medical Center, MHM Correctional, Inc., Jamie Chapman, Stanley Galas, Ellen Kurtz and Herbert Ddungo, and adds UMASS Correctional Health, Lawrence Weiner, Peter J. Hefferman and Luis S. Spencer as defendants in this matter.

III. <u>LEGAL STANDARD</u>

Prisoners are subject to the provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-75. The PLRA places a series of controls on prisoner suits. <u>See</u> <u>Skinner v. Switzer</u>, 131 S.Ct. 1289, 1290 (2011). The PLRA governs the treatment of actions <u>in forma pauperis</u> and authorizes federal courts to dismiss such actions if they lack an arguable basis in law or in fact, or if they fail to state a claim on which relief may be granted. <u>See</u> 28 U.S.C. §1915(e)(2); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). In addition, the PLRA authorizes federal courts to review prisoner complaints that seek redress from governmental entities, or their officers or employees, and provides for dismissal of the action if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. <u>See</u> 28 U.S.C. §1915A.

IV. <u>ANALYSIS</u>

   A.   <u>Motions to Proceed In Forma Pauperis</u>

A party bringing a civil action must either: (1) pay the $350.00 filing fee when filing the complaint; or (2) file an application to proceed without prepayment of fees. <u>See</u> 28 U.S.C. §§1914(a) and 1915. Where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration. <u>See</u>

28 U.S.C. §1915(a)(2). Notwithstanding the grant of in forma pauperis status, a prisoner who brings a civil action is not entitled to a waiver of the $350 filing fee and is required to pay the full amount. See §1915(b)(A). However, such payments may be made in installments, payable through prison accounts in accordance with the provisions of §1915(b). See id.

The court has reviewed Kelsey's motions and accompanying prison account statement. As Kelsey has met the requirements for in forma pauperis status, the Motions are being allowed. Pursuant to 28 U.S.C. §1915(b)(2), Kelsey must make monthly payments of twenty percent of his preceding month's income until the statutory filing fee has been paid in full.

    B.    <u>Motions to Amended the Complaint, Supplement the Record and for Extension of Time</u>

Pursuant to the Federal Rules of Civil Procedure, a party may amend its pleadings once as a matter of course within 21 days after serving it. See Fed. R. Civ. P. 15(a)(1). Here, the Complaint has not been served. Therefore, Kelsey is entitled to amend his Complaint as a matter of course and the Motion to Amend the Complaint is being allowed.

Defendants Cynthia Summer, UMass Medical Center, MHM Correctional, Inc., Jamie Chapman, Stanley Galas, Ellen Kurtz and Herbert Ddungo were named in the Complaint but are not parties in the Amended Complaint. Therefore, they are being dismissed as parties to the case.

In view of the foregoing, the Motion for Extension of Time to Amend the Complaint is moot.

Pursuant to Fed. R. Civ. P. 15(d), the court is allowing Kelsey's Motions to Supplement, Amend Complaint and the allegations in each will supplement the Amended Complaint.

C.   Motions for Appointment of Counsel

A civil plaintiff does not have a constitutional right to free counsel. Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). However, under certain circumstances, the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). In order to qualify for appointment of counsel in a civil case: (1) a party must be indigent; and (2) exceptional circumstances must exist such that denial of counsel would result in fundamental unfairness impinging on the party's due process rights. See Desrosiers, 949 F.2d at 23.

At this time, the court finds no such exceptional circumstances. However, the court may more adequately evaluate the merits of this Motion after the defendants respond to the Amended Complaint. Accordingly, Kelsey's Motions for Appointment of Counsel are being denied without prejudice.

D.   Order to Show Cause

Defendants Norfolk State Prison and Commissioner Luis S. Spencer are being dismissed. The claims against Norfolk State Prison are subject to dismissal because, as a building, it is not subject to suit. See Smith v. Knox County Jail, 666 F.3d 1037, 1040

(7th Cir. 2012)(stating that defendant, Knox County Jail, is a non-suable entity). The claims against Commissioner Spencer are subject to dismissal because the Amended Complaint does not allege sufficient facts to support a claim against him. Liability under §1983 is direct, not vicarious. See Pinto v Nettleship, 737 F.2d 120, 132 (1st Cir. 1984) (§1983 liability can only be imposed on officials who were involved personally in the deprivation of constitutional rights). Because supervisory officials cannot be held liable solely on the basis of their employer-employee relationship with a tortfeasor, and Kelsey has not alleged that Commissioner Spencer personally did anything to contribute to his injuries, the Amended Complaint fails to state a valid §1983 claim against Spencer.

However, "a pro se plaintiff who makes a pleading gaffe in a complaint deserves an opportunity to offer a curative amendment before" dismissal. Smith, 666 F.3d at 1040. Accordingly, the court is providing Kelsey with the opportunity to show cause why his claims against Norfolk State Prison and Commissioner Spencer should not be dismissed.

V.  ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motions for Leave to Proceed in forma pauperis (Docket No's. 2, 11) are ALLOWED.

2. Pursuant to 28 U.S.C. § 1915(b)(2) Plaintiff shall make monthly payments of 20 percent of his preceding month's

      income credited to the prisoner's account until the statutory filing fee has been paid in full.

3. Plaintiff's Motions to Appoint Counsel (Docket No's. 5, 3, 12) are DENIED without prejudice.

4. Plaintiff's Motion to Amend Complaint (Docket No. 10) is ALLOWED.

5. The Clerk shall issue summonses and the United States Marshal shall serve a copy of the summonses, Amended Complaint, Motion to Supplement, Amended Complaint and this order upon defendants UMass Correctional Health, Rebecca Lubelczyk, Kinga Cetera, Gary Roden, Maureen Atkins, Lawrence Weiner, Peter Hefferman and Commissioner Luis Spencer.

6. The claims in the original Complaint against defendants Cynthia Summer, Umass Medical Center, MHM Correctional, Inc., Jamie Chapman, Stanley Galas, Ellen Kurtz and Herbert Ddungo are DISMISSED.

7. Plaintiff's Motion for Extension of Time to Amend (Docket No. 13) is MOOT.

8. Plaintiff's Motions to Supplement, Amend Complaint (Docket No's. 15, 16) are ALLOWED.

9. Within 42 days of the date of the this Memorandum and Order Plaintiff shall show cause why his claims against the Norfolk State Prison and Commissioner Spencer should not be dismissed.

_____
UNITED STATES DISTRICT JUDGE