```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

MICHAEL KELSEY,                    )
    Plaintiff,                 )
                               )
       v.                    )   C.A. No. 12-10029-MLW
                               )
NORFOLK STATE PRISON,              )
SUPERINTENDENT GARY RODEN,         )
MAUREEN ATKINS, REBECCA            )
LUBELCZYK, KIUNGA CETERA,          )
LAWRENCE WEINER, PETER             )
HEFFERMAN, LUIS SPENCER, and       )
UMASS CORRECTIONAL HEALTH,         )
    Defendants.                )

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                         March 24, 2014

I.    INTRODUCTION

<u>Pro</u> <u>se</u> plaintiff Michael Kelsey alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated when Massachusetts Department of Correction officials and employees failed to provide him adequate medical treatment. He brings this action under 42 U.S.C. §1983.

The defendants have filed two motions to dismiss, both for failure to serve the Amended Complaint and for failure to comply with the order that the Second Amended Complaint be filed by July 26, 2013. Kelsey has not responded to either motion. Nor has he filed a Second Amended Complaint despite being ordered to do so nearly eight months ago. For the reasons explained below, the case is being dismissed without prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

Until his release in September 2013, Kelsey was incarcerated in the Massachusetts Correctional Institution at Norfolk ("MCI-Norfolk"). The defendants are prison officials and medical personnel who allegedly demonstrated deliberate indifference to Kelsey's medical needs.

The Amended Complaint alleges the following. In 2011, Kelsey was diagnosed with degenerative disc disease, scoliosis, and degenerative joint disease of the knees. See Am. Compl. ¶¶29-30. These injuries were aggravated when Kelsey fell down a flight of stairs on February 3, 2011. See id. ¶¶31-32. Kelsey alleges that he did not receive adequate medical care for the treatment of his back and knee pain, despite filing many medical grievances. See id. ¶¶33-52.

On September 25, 2012, the court issued its first Memorandum and Order in this case. The court allowed Kelsey's motion to proceed in forma pauperis. See Sept. 25, 2012 Memo. & Order at 4. However, because the court found no "exceptional circumstances . . . such that denial of counsel would result in fundamental unfairness impinging on the party's due process rights," it denied without prejudice his motion for appointment of counsel. Id. at 5. The court also allowed Kelsey's motion to amend and ordered that the Amended Complaint be served upon the remaining defendants: UMass Correctional Health, Rebecca Lubelcyzk, Kinga Cetera, Gary

Roden, Maureen Atkins, Laurence Weiner, Peter Heffernan, and Luis Spencer. See id. at 7. Finally, the court ordered Kelsey to show good cause why his claims against Norfolk State Prison and Spencer should not be dismissed. See id.

The docket indicates that, following the September 25, 2012 Order, the pro se staff attorney assigned to this case mailed summonses to Kelsey with seven USM-285 forms, as well as copies of various other filings. Contrary to the September 25, 2012 Order, however, the docket entry does not indicate that any summons was issued for defendant Spencer. Furthermore, in a letter to the court filed on October 11, 2012, Kelsey reported that the mailing included no summons for defendant Weiner and contained only six, not seven, USM-285 forms. See Oct. 11, 2012 Letter (Docket No. 25). Kelsey requested additional summonses and another form in order to effect service of process. However, it appears that neither the pro se staff attorney nor a member of this court's staff responded to Kelsey. Despite this problem, Kelsey did comply with the order to seek to show cause why the claims against defendants Norfolk State Prison and Spencer should not be dismissed. See Pls.' Show Cause Response (Docket No. 21).

The docket also indicates that the U.S. Marshals successfully served defendants Atkins, Cetera, Lubelcyzk, Roden, and UMass Correctional Health in October 2012. However, the summons for defendant Heffernan was returned unexecuted; the Marshals reported

3

that Heffernan was no longer employed at the address listed. See Heffernan Process Receipt & Return (Docket No. 28).

On June 13, 2013, the court dismissed the claims against Norfolk State Prison, but concluded that Kelsey had shown good cause why the claims against Spencer should not be dismissed. The court ordered Kelsey to file a Second Amended Complaint by July 26, 2013, to include the new allegations against Spencer that Kelsey had provided in his submission explaining why the claims against Spencer should not be dismissed. See June 13, 2013 Memo. & Order at 7. The court also denied Kelsey's twelve motions to supplement the pleadings, explaining that he could "include some or all of the facts stated in his Motions to Supplement in his Second Amended Complaint." Id. at 9.

On June 19, 2013, Kelsey filed another Motion to Supplement Amended Complaint. It appears that Kelsey made this filing before receiving the June 13, 2014 Order.

On June 24, 2013, defendants Heffernan, Spencer, and Weiner filed a Motion to Dismiss for Lack of Service, pursuant to Federal Rule of Civil Procedure 41(b) and Federal Rule of Civil Procedure 4(m). In support of this motion, these three defendants claimed that they had never been served with copies of the Amended Complaint.

On September 9, 2013, Kelsey filed a notice of a change of address, explaining that he would be leaving prison on September

16, 2013.  However, Kelsey acknowledged neither the Order that he file a Second Amended Complaint nor the defendants' motion to dismiss for lack of service, which were sent to Kelsey months earlier at his prior address.  This was Kelsey's the most recent filing in this case.

On September 30, 2013, defendants UMass Correctional Health, Lubelczyk, Cetera, and Atkins also filed a Motion to Dismiss for Lack of Service.  These defendants argue that because Kelsey has failed to comply with the order to file his Second Amended Complaint by July 26, 2013, the court should dismiss the case as against them too.

III. DISCUSSION

Under the Federal Rules of Civil Procedure, a defendant may move to dismiss the action against him "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).  Furthermore, "[a] district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." Cintron-Lorenz v. Departamento de Suntos del Consumidor, 312 F.3d 522, 525-26 (1st Cir. 2002).

As explained earlier, Kelsey has failed to comply with the June 13, 2013 Order that he file a Second Amended Complaint by June 26, 2013.  Furthermore, he has not filed responses to, or even acknowledged, the defendants' two motions to dismiss for failure to

5

serve, and his last filing with the court was nearly seven months ago. These facts suggest that Kelsey does not intend to continue to prosecute this case.

Therefore, the court is dismissing the case without prejudice. See id. at 525 (affirming district court's sua sponte dismissal of case where plaintiff "dawdled for upwards of seven months" and "neither secured counsel, nor answered the several pending motions, nor apprised the court of a need for more time, nor revealed that her efforts were hampered by medical problems"). However, the court will reopen the case if, by April 30, 2014, the plaintiff files his Second Amended Complaint, serves it on all remaining defendants, and adequately explains his failure to comply with the previous orders.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that the case is DISMISSED without prejudice to possibly being reopened if, by April 30, 2014, the plaintiff files his Second Amended Complaint, serves it on all remaining defendants, and adequately explains his failure to comply with the previous orders.

    /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE